# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 56688-5-II |
| Respondent, | |
| v. | |
| KEITH ANTHONY TOWNSEND, | UNPUBLISHED OPINION |
| Appellant. | |

GLASGOW, C.J.—A jury found Keith Anthony Townsend guilty of residential burglary and felony violation of a no contact order—domestic violence. The trial court imposed a standard range sentence and a $500 victim penalty assessment.

Townsend appeals his sentence, arguing that remand is necessary for the superior court to modify his judgment and sentence to include language clarifying that payment of his legal financial obligations (LFOs) may not be satisfied out of any Social Security Administration benefits. The State agrees with Townsend that this case should be remanded. We disagree.

Pursuant to 42 U.S.C. § 407(a), LFOs may not be satisfied through application of Social Security benefits. *State v. Dillon*, 12 Wn. App. 2d 133, 153, 456 P.3d 1199 (citing *State v. Catling*, 193 Wn.2d 252, 264, 438 P.3d 1174 (2019)), *review denied*, 195 Wn.2d 1022 (2020). However, Townsend is not entitled to appellate relief on his claim of error.

First, Townsend did not raise this issue below and, therefore, it is not preserved for appeal. "The general rule is that appellate courts will not consider issues raised for the first time on appeal." *State v. Kirkman*, 159 Wn.2d 918, 926, 155 P.3d 125 (2007) (citing RAP 2.5(a)). Although a claim

of error may be raised for the first time on appeal if it is a manifest error affecting a constitutional right, Townsend's claim does not meet that standard. The prohibition against LFOs being satisfied through Social Security benefits is derived from a federal statute. *See* 42 U.S.C. § 407(a). Furthermore, the claimed error is not manifest because there is no indication in the record that Townsend receives Social Security benefits. *See State v. McFarland*, 127 Wn.2d 322, 333, 899 P.2d 1251 (1995). As such, Townsend fails to show that he was actually prejudiced by the absence of language in the judgment and sentence providing that the LFOs imposed by the superior court could not be satisfied through Social Security benefits. *See Kirkman*, 159 Wn.2d at 926-27.

Second, because nothing in the record suggests that Townsend receives Social Security benefits, this case is distinguishable from *Dillon* and *Catling*. In *Dillon*, we remanded the case to the trial court "to amend the judgment and sentence to indicate that the $500 victim assessment fee may not be satisfied out of any funds subject to 42 U.S.C. § 407(a)." 12 Wn. App. 2d at 153. We did so because the record in that case indicated that "Dillon's sole source of income [was] his Social Security disability funds." *Id.* Likewise, in *Catling*, our Supreme Court remanded the case "to the trial court to revise the judgment and sentence and repayment order . . . to indicate that [an] LFO may not be satisfied out of any funds subject to . . . 42 U.S.C. § 407(a)." 193 Wn.2d at 266. During the sentencing hearing in that case, "Catling's attorney argued that . . . Catling's sole source of income was Social Security disability benefits." *Id.* at 255.

Here, the record does not contain any evidence that Townsend receives Social Security benefits. If evidence that Townsend receives Social Security benefits exists outside the record, Townsend may consider bringing a personal restraint petition. *See McFarland*, 127 Wn.2d at 338 n.5. If at a future date, Townsend receives income from Social Security benefits and the State

No. 56688-5-II

attempts to collect in violation of the antiattachment statute, nothing prevents Townsend from asking the trial court for relief from any improper attempts at collection at that time.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, C.J.

We concur:

Lee, J.

Cruser, J.